# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DEXTER GATBONTON,

    *Petitioner*,

vs.

JANET NAPOLITANO, *et al.*

    *Respondents*.

2:12-cv-01439-JCM-CWH

ORDER

    This represented immigration habeas matter under 28 U.S.C. § 2241 comes before the court for initial review under 28 U.S.C. § 2243. The court will require that petitioner amend his petition to name his immediate custodian as an additional respondent.

    Petitioner Dexter Gatbonton seeks release from physical custody. He alleges that he is in the custody of federal immigration authorities. The petition names only remote supervisory officials, *i.e.,* the federal attorney general, a department secretary, and a field office director, as respondents. The petition does not name petitioner's immediate physical custodian, *i.e.,* the warden or jailer at an actual detention facility, as a respondent.

    Under *Rumsfield v. Padilla*, 542 U.S. 426 (2004), the proper respondent for a core challenge seeking release from physical custody is the warden of the facility where the prisoner is being held, not the attorney general or some other remote supervisory official. 542 U.S. at 435. *Padilla* left open the precise question of whether this immediate custodian rule applies to a habeas petition challenging an alien's custody pending removal. 542 U.S. at 435 n.8; *see also Armentero v. Immigration and Naturalization Service*, 412 F.3d 1088, 1089-1102 (9th Cir. 2005)(*Armentero II*)(Berzon, J., dissenting)(discussing *Padilla*). The more prudent

1  course, until the question definitively is resolved, would be to require that the immediate
2  custodian also be named as a respondent, to remove the issue from any further question in
3  the case. Where the proper respondent is not named, the district court, rather than ordering
4  an immediate dismissal, must afford the petitioner an opportunity to amend his petition to
5  name the proper respondent. *Armentero v. Immigration and Naturalization Service*, 340 F.3d
6  1058, 1074 (9th Cir. 2003)(*Armentero I*), *withdrawn on grant of en banc rehearing*, 382 F.3d
7  1153 (9th Cir. 2004).

8        In amending the petition, counsel should note the following. The local rules require
9  that a counseled petition either be filed on the court's required form *or* that it contain all of the
10 information required by the required form. That does not require that counsel slavishly follow
11 the format of the required form, particularly for a § 2241 petition in an immigration habeas
12 matter. Counsel may find that it both is easier and presents a more readily comprehensible
13 document to provide the same basic information in a more narrative form. Such a manner
14 of drafting also may dispense with any need for the filing of a separate memorandum of points
15 and authorities. Responses to form inquiries that are more pertinent to a § 2254 petition and
16 that are not directly pertinent to the § 2241 petition may be noted in a separate paragraph or
17 perhaps even dropped down into a footnote. So long as the required information from the
18 form is reflected in the counseled petition, the local rule is satisfied.

19       In this vein, the court was unable to quickly determine from the papers presented such
20 basic matters as petitioner's nationality (which is at least as pertinent as the United States
21 citizenship of his sundry relatives) and where he currently is detained. The court ultimately
22 was able to deduce from petitioner's name that he likely was born in the Phillippines. With
23 that assumption, the court then was able to determine from the ICE online detainee locator
24 that petitioner currently is detained at a detention center in Henderson, Nevada. The court
25 sought to determine this information as a matter of preliminary screening in order to assess
26 whether a jurisdictional issue would remain even following an amendment to the petition. If
27 petitioner instead was being detained outside the district, the court potentially would have
28 issued a show-cause order rather than an order for an opportunity to amend.

Further, in that latter vein, there is no southern district of this court. There is only the one statewide district, with informal northern and southern divisions for internal administrative purposes. Counsel should caption his amended petition accordingly.

IT THEREFORE IS ORDERED that petitioner shall have **twenty-one (21) days** from entry of this order within which to file an amended petition naming his immediate custodian as an additional respondent. Any amended petition filed will supercede and replace the original petition, as a stand-alone pleading, such that any claims, parties or allegations omitted from the amended petition no longer will be before the court.

DATED: August 22, 2012.

_____
JAMES C. MAHAN
United States District Judge

-3-